UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Moore, | Case No. 16-cv-709 (PAM/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Warden, Duluth Federal Prison Camp, et al., | |
| Defendants. | |

This matter is before the Court on Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint. For the following reasons, Plaintiff's Motion to Amend Complaint is granted and Defendants' Motion to Dismiss is denied as moot.

On August 14, 2013, Plaintiff fractured his right knee while imprisoned at the federal prison in Sandstone, Minnesota. Following the injury, several orthopedic surgeons recommended that Plaintiff undergo knee-replacement surgery. The Federal Bureau of Prisons ("BOP") requires potential surgical patients to have a Body Mass Index ("BMI") less than 35. Because Plaintiff had a BMI greater than 35, Defendants refused to permit Plaintiff to receive the knee-replacement surgery.

On March 21, 2016, Plaintiff filed the instant action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that Defendants are violating his Eighth Amendment rights. Magistrate Judge Steven E. Rau subsequently ordered Plaintiff to submit an Amended Complaint, properly bringing his claim as a <u>Bivens</u> action. On May 6, Plaintiff filed an Amended Complaint titled "Addendum to Motion 2241" that merely

included the names of several other Defendants that Plaintiff alleges unconstitutionally denied him his knee-replacement surgery.  On October 11, Defendants filed a Motion to Dismiss arguing that Plaintiff has failed to state a claim upon which relief may be granted.

Without responding to that Motion, Plaintiff filed another Motion to Amend Complaint on November 2.  Plaintiff attached his proposed Second Amended Complaint which adds two new Defendants and properly brings his claim as a Bivens action.  In response, Defendants otherwise consent to the filing of the Second Amended Complaint, but argue that adding the two new Defendants would be futile because the Court does not have personal jurisdiction over them.  Although Defendants provide a declaration from an attorney with the BOP stating that the two new Defendants do not live or work in Minnesota, this information is insufficient for the Court to determine whether the new Defendants have the requisite "minimum contacts" with Minnesota.  Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (Docket No. 23) is **GRANTED** and Defendant's Motion to Dismiss (Docket No. 14) is **DENIED as moot**.  Defendants have fourteen days from the filing of this Order to answer or otherwise respond to the Amended Complaint.

Dated: December 27, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

2