UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Moore,

      Plaintiff,

v.

Dr. Benjamin Rice,
Dr. R. Gupta, and Cheryl
Owens,

      Defendants.

Case No. 16-cv-709 (PAM/SER)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment and Plaintiff's Motion to Amend Complaint. Plaintiff seeks to amend his Complaint for the third time to address deficiencies raised by Defendants' dispositive Motion, but because Plaintiff's underlying allegations do not rise to the level of a constitutional violation, any amendment would be futile. The Court has, however, considered the allegations in the proposed Third Amended Complaint when evaluating whether Plaintiff has sufficiently raised a constitutional claim. For the following reasons, the Court denies the Motion to Amend and grants the Motion to Dismiss.

**BACKGROUND**[1]

Plaintiff William Moore is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. (2d Am. Compl. ¶ 2.) In 2013, Moore injured his left knee while

---

[1] The facts set forth in this section are taken from the Second Amended Complaint (Docket No. 23-1), supplemented by additional relevant facts alleged in the proposed Third Amended Complaint (Docket No. 44-1).

working at the Federal Correctional Institution in Sandstone, Minnesota. The institution referred Moore to a specialist (3d Am. Compl. ¶ 8) who recommended that Moore undergo surgery to repair his knee. (Id. ¶ 9.) Shortly after the injury, Moore was transferred to the Federal Correctional Institution in Oxford, Wisconsin. (Id. ¶ 10.) The medical director at FCI-Oxford, Dr. Gupta, a Defendant here, referred him to another specialist, who recommended that Moore undergo total knee replacement. (Id. ¶ 12.)

In 2015, Moore was again transferred, this time to FPC-Duluth. (Id. ¶ 15.) Defendant Dr. Benjamin Rice is the medical director at FPC-Duluth. (2d Am. Compl. ¶ 4.) Moore alleges that Dr. Rice denied him effective pain medication and referred him once again to specialists. (3d Am. Compl. ¶¶ 16-17.) According to Moore, both specialists recommended that he undergo total knee replacement. (Id. ¶¶ 18-19.)

Dr. Rice submitted a request for Moore's surgery to the Bureau of Prisons. (Id. ¶ 23.) The BOP's Chief of Health Programs, Dr. Jeffrey Allen,[2] ultimately denied the request (id. ¶ 24), because Moore's Body Mass Index ("BMI") was above the recommended level for knee-replacement surgery. (2d Am. Compl. ¶ 10.)

Moore claims that his BOP physicians failed to provide for his medical needs and that this amounts to deliberate indifference in violation of the Eighth Amendment and 42 U.S.C. § 1983. (Id. ¶¶ 19-21; 3d Am. Compl. ¶¶ 30-32.) He seeks compensatory damages of $500,000 against each Defendant, a declaration that Defendants are violating

---

[2] The Second Amended Complaint named Cheryl Owens as a Defendant, alleging that she acts as the BOP's "medical designator." In his briefing, Moore concedes that Owens should be dismissed (Docket No. 47 at 4), and his proposed Third Amended Complaint adds Dr. Allen as a Defendant in place of Owens.

2

his rights, and an injunction requiring the BOP to allow Moore to have the recommended knee surgery. (2d Am. Compl. ¶¶ 25-27.)[3]

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

Although the Court liberally construes pro se pleadings, a pro se complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). The complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

---

[3] The proposed Third Amended Complaint seeks only a declaratory judgment and unspecified compensatory damages.

When a party submits evidence outside the pleadings in support of a motion to dismiss, as Defendants have done here, the Court may convert the motion into a motion for summary judgment. Casazza v. Kiser, 313 F.3d 414, 417-18 (8th Cir. 2002). Indeed, Defendants seek summary judgment as an alternative to dismissal under Rule 12(b)(6), and have submitted several affidavits describing Moore's treatment. Moore responds not by requesting additional discovery, but rather by contending that he should be allowed to amend his complaint. Because it is apparent that discovery will not advance Moore's claims or support his opposition to Defendants' Motion, and because Moore has been afforded a meaningful opportunity to respond to the facts Defendants raise, the Court will consider Defendants' Motion as one for summary judgment.[4]

In order for any Defendant to be liable for deliberate indifference to Moore's serious medical needs, Moore must establish both a violation of his constitutional rights and that qualified immunity does not protect Defendants from suit. Put another way, if Moore cannot establish a violation of a constitutional right, Defendants are entitled to qualified immunity. Brockington v. City of Sherwood, 503 F.3d 667, 671 (8th Cir. 2007).

To establish a claim under the Eighth Amendment, Moore must demonstrate both that he had an objectively serious medical need and that Defendants knew of this need

---

[4] Defendants' first argument is that the Court lacks personal jurisdiction over Dr. Gupta and over Dr. Allen, should Moore be allowed to amend his Complaint to add Dr. Allen as a Defendant. Although the Court has doubts about whether either physician is within the reach of Minnesota's long-arm statute, a determination on this issue would require further factual development. Because the Court concludes that Moore's claims fail based on the current record, it will not reach the personal-jurisdiction issue.

but deliberately disregarded it. Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011). A difference of opinion on the proper course of treatment does not amount to deliberate indifference, nor can a plaintiff establish a constitutional violation for conduct that is merely negligent. Bender v. Regier, 385 F.3d 1133, 1137-38 (8th Cir. 2004); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Medical providers "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

Moore believes that only a total knee replacement will relieve his pain and solve his mobility issues, and that Defendants' refusal to authorize the surgery amounts to deliberate indifference to his pain and mobility issues. He does not, and indeed cannot, dispute that the BOP has a neutral policy in place regarding surgeries such as knee replacements that requires any prisoner undergoing such a procedure to have a BMI under 35. (Rice Decl. (Docket No. 39) ¶ 10; id. Ex. G at 3 (Docket No. 39-7) (BOP's Clinical Practice Guideline "Evaluation and Management of Osteoarthritis of the Hip and Knee").) Nor can he dispute that this policy is grounded in sound medical science. As Defendants point out, the Medicare standards for elective joint replacement surgery similarly establish a BMI limit of 35, because research has shown that excess weight greatly increases the risk of serious post-surgical complications such as infections, pulmonary embolism, and deep-vein thrombosis. (Rice Decl. ¶ 10.)

Moore also does not dispute that his BMI is above 35. He seems to contend that the BOP selectively applies the BMI criteria by pointing to two other inmates who have

been approved for surgery despite having BMIs over 35. But neither of these inmates was approved for joint-replacement surgery. Instead, both had gallbladder surgery, which involves very different considerations from elective joint-replacement surgery, including the risk of death if the gallbladder is not removed. (Id. ¶ 14.) These two supposed comparators do not aid Moore's claims in the least.

Despite Moore's BMI, Dr. Rice did refer him for evaluation for knee-replacement surgery. (Id. ¶ 11.) Dr. Allen ultimately determined that Moore was not a candidate for the surgery, instead recommending that the institution offer Moore activity modification and the assistance of a nutritionist to help him lose weight. (Id. Ex. I.) Dr. Allen did not foreclose the possibility of surgery, but found that Moore needed to lose weight to be considered for the surgery. (Id.) Moore has been unable to lose the weight required to bring his BMI below 35 and thus the BOP continues to deny his requests for surgery.

The undisputed and indisputable facts establish that the BOP's decision to deny Moore a total knee-replacement was an exercise of medical judgment, not deliberate indifference to Moore's serious medical needs. Each physician involved in the decision here acknowledges that Moore experiences severe pain and is unable to engage in some activities of daily living. However, in their professional judgment, the risks for Moore because of his high BMI outweigh the benefits of surgery. These sorts of medical decisions simply do not amount to deliberate indifference.

Because Moore cannot establish any violation of his constitutional rights, Defendants are entitled to qualified immunity and Moore's claims must be dismissed.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion to Dismiss or for Summary Judgment (Docket No. 37) is **GRANTED**;

2. Plaintiff's Motion to Amend (Docket No. 44) is **DENIED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 25, 2017

                                         *s/Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge